UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES GLEASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:20-cv-0807-SEP |
| | ) |
| INTERTEK, USA, INC.,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Intertek, USA, Inc.'s ("Intertek") Motion to Dismiss for lack of personal jurisdiction and improper venue. Doc. [4]. The motion is fully briefed. For the reasons set forth below, the motion will be granted.

**Facts and Background**[2]

Plaintiff James Gleason is a resident of the State of Idaho. Doc. [1] ¶ 3. Defendant is engaged in, among other things, the business of petroleum, fuel and chemical testing. *Id.* ¶ 5. At all times relevant to this lawsuit, Plaintiff was employed by Defendant Intertek as a Laboratory Chemist at its Intertek/GPB Laboratory in Alaska. *Id.* ¶¶ 3, 7.

Gleason alleges that he often engaged in the performance of non-exempt work duties for Intertek beyond 5:00 p.m. on both weekdays and weekends, and thus routinely worked in excess of 40 hours per work week. *Id.* ¶ 11. He claims that despite having knowledge of his overtime work, Intertek failed to provide him with overtime compensation and other benefits. *Id.* ¶ 12. Instead, Intertek "intentionally, willfully and improperly designat[ed] his position as exempt from federal law in direct violation of the FLSA." *Id.* Gleason contends that he was not, in fact, exempt from overtime compensation, because his actual duties did not involve the exercise of independent judgment or discretion. *Id.* ¶ 13.

---

[1] Plaintiff designated his employer simply as "Intertek" in his Complaint. According to Defendant, Plaintiff's employer was Intertek, USA, Inc. *See* Doc. [5] at 1 n.1.

[2] When determining "whether the district court has personal jurisdiction over [the defendant]", the Court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011).

Gleason filed his Complaint on June 20, 2020, alleging a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*; breach of the covenant of good faith and faith dealings; breach of contract; and unjust enrichment.

Intertek claims this Court lacks personal jurisdiction over it.  Doc. [4].  In his Complaint, Gleason's sole allegation relating to personal jurisdiction states:  "Intertek has a principal place of business at 1211 Belgrove Dr. St. Louis, Mo 63137.  Defendant Intertek does business within the district of this Court."  Doc. [1] ¶ 4.  Intertek contests those assertions and maintains that it lacks the contacts with the forum necessary for establishing personal jurisdiction.  Doc. [5]

**Legal Standard**

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'"  *K-V Pharm. Co.*, 648 F.3d at 591-92 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3 1070, 1072 (8th Cir. 2004)).  "Although '[t]he evidentiary showing required at the prima facie stage is minimal,' the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *Id.* at 592 (citation omitted).  The Court views the evidence in the light most favorable to the party invoking personal jurisdiction and resolves all factual conflicts in favor of that party.  *Id.*  The party seeking to establish the Court's personal jurisdiction carries the burden of proof, however, and that burden does not shift to the party challenging jurisdiction.  *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

Personal jurisdiction can be specific or general. *Id.*  "Specific jurisdiction exists 'when a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum,' and the plaintiff's claim 'aris[es] out of or relat[es] to the defendant's contacts with the forum.'"  *White v. Steak N Shake Inc.*, No. 4:20 CV 323 CDP, 2020 WL 1703938, at *2 (E.D. Mo. Apr. 8, 2020) (quoting *Pangaea v. Flying Burrito, LLC*, 647 F.3d 741, 746 (8th Cir. 2011)).  General jurisdiction arises when a defendant's contacts with the forum state are so continuous and systematic that the defendant may be subject to suit there for causes of action entirely distinct from the in-state activities.  *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1026 (E.D. Mo. 2015).  "General 'all-purpose' jurisdiction exists over a corporate defendant in the state(s) where it is

2

incorporated and where its principal place of business is located, as well as in states where its affiliations are so continuous and systematic—even on activities unrelated to the lawsuit—as to render it essentially at home there." *White*, 2020 WL 1703938, at *2 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014)).  A corporation's "continuous activity of some sorts within a state" is not enough to subject it to general jurisdiction there.  *Daimler AG*, 571 U.S. at 132 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).

## Discussion

The Complaint does not allege that any conduct occurring in Missouri gave rise to Plaintiff's claims.  The Court thus considers whether Defendant has the "continuous and systematic" contacts with the state required for general jurisdiction.

As noted above, Plaintiff attempts to establish personal jurisdiction over Defendant with the following allegation:  "Intertek has a principal place of business at 1211 Belgrove Dr. St. Louis, Mo 63137.  Defendant Intertek does business within the district of this Court."  Doc. [1] ¶ 4.  In its Motion to Dismiss, Defendant counters with a declaration from Frank Bilski, Regional Human Resource Manager for Intertek for the United States and Caribbean region, in which he attests in relevant part as follows:

4. James Gleason was hired on June 18, 2012 to work in the GPB lab located in Prudhoe Bay, Alaska.  During all of his employment, Mr. Gleason was only employed at the Prudhoe Bay, Alaska location.

5. Intertek USA, Inc. is incorporated in the State of Louisiana and maintains its principal place of business in Texas.

6. Intertek has 203 locations operating in the USA and has only two facilities located in St. Louis Missouri.

7. Intertek has 6884 employees in the USA and only employs 46 in the state of Missouri.

Doc. [5-1] ¶¶ 4-7.

As confirmed by Mr. Bilski, Intertek is neither incorporated nor has its principal place of business in Missouri.  Intertek's operation of two (of 203) facilities in St. Louis, without more, does not make it "essentially at home here." *White*, 2020 WL 1703983, at *2.

> If that is all that is required for general jurisdiction, "the same global reach would presumably be available in every other State" in which [defendant] operates . . .  Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."

3

*Id.* (quoting *Daimler AG*, 571 U.S. at 139) (finding that defendant's continuous and systematic operation in Missouri of thirty-nine of its four hundred restaurants, without more, does not make it "essentially at home" in Missouri); *see also BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1559 (2017) ("A corporation that operates in many places can scarcely be deemed at home in all of them.") (citation omitted).  Therefore, the Court finds that it lacks general jurisdiction over Intertek.  Because the Court has neither specific nor general personal jurisdiction over Intertek, its Motion to Dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. [4]) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of December, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE